UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: <br><br> IN RE FARMERS GRAIN, LLC, <br><br>     Debtor. | Case No. 17-00450-TLM |
| NOAH G. HILLEN, Trustee, <br><br>     Plaintiff, <br><br> v. <br><br> BURKE ELECTRIC, INC., <br><br>     Defendant. | Adv. No. 19-06016-TLM |

## MEMORANDUM OF DECISION

Before this Court is the motion of Defendant, Burke Electric, Inc., for a jury trial in this adversary proceeding brought by chapter 7 trustee, Noah G. Hillen ("Plaintiff"), to avoid transfers pursuant to §§ 547(b), 549, and 550(a).[1] The Court determines that motion will be denied, and it will enter an order accordingly.

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532, Rule citations are to the Federal Rules of Bankruptcy Procedure, and Civil Rule Citations are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 1

On March 18, 2019, Plaintiff filed his complaint seeking recovery under §§ 549 and 550 of $2,734 transferred post-petition by Farmer's Grain, Inc. ("Debtor"), to Defendant. Doc. No. 1 at 2. Defendant did not file an answer to this complaint within 30 days. On April 29, 2019, Plaintiff amended his complaint to add a preferential transfer claim under § 547(b) to recover $36,912 transferred prepetition. Doc. No. 6 at 2. Again, Defendant did not file an answer to this complaint within 30 days. On June 20, 2019, after Plaintiff filed his "Notice of Intent to take Default," Doc. No. 8, Defendant filed an answer to the amended complaint denying most of the allegations set forth therein and expressly withholding consent to this Court's entry of final judgment. Doc. No. 9. Defendant did not demand a jury trial in this answer. *See generally id.*

On August 7, 2019, Plaintiff filed his "Notice of Consent to Final Judgment" pursuant to Rule 7008. Doc. No. 12. This notice did not address any allegations made in the complaint or amended complaint, nor did it allege any new causes of action against Defendant. On August 20, 2019, Defendant filed its "Motion and Memorandum to Withdraw Reference," Doc. No. 15, and "Motion and Memorandum in Support for Trial by Jury," Doc. No. 16 ("Motion for Jury Trial"). The United States District Court for the District of Idaho ("District Court") considered both motions, but granted only the "Motion for Withdrawal of Reference." *Hillen v. Burke Electric, Inc.*, 19-mc-10526-BLW, Doc. No. 5 at 5. The District Court declined to immediately withdraw the reference, ordering this Court to preside over all pretrial matters in this case—including the Motion for Jury Trial—until the matter is ready to proceed to trial. *Id.*

MEMORANDUM OF DECISION - 2

ANALYSIS

### A. Authority to Issue Pretrial Order

Though Defendant does not consent to the entry of final orders in this proceeding and has successfully requested the withdrawal of the District Court's reference under 28 U.S.C. § 157(d), Defendant's Motion for Jury Trial Doc. No. 16, remains before this Court pursuant to the District Court's order. *See Hillen v. Burke Electric, Inc.*, 19-mc-10526-BLW, Doc. No. 5 at 5, ¶ 2. Pursuant to that order, this Court will "preside over all pretrial matters in this case, including discovery and pretrial conferences and will resolve routine and dispositive motions. If either party files a dispositive motion, [this C]ourt will entertain that motion and submit proposed findings of fact, conclusions of law, and a recommendation for disposition to [the District] Court." *Id.*, ¶ 3. A "dispositive motion" is "a motion for a trial-court order to decide a claim or case in favor of the movant without further proceedings; specif., a motion that, if granted, results in a judgment on the case as a whole[.]" BLACK'S LAW DICTIONARY 1216 (11th ed. 2019).

In considering a demand for jury trial, this Court is not asked to render judgment on the case as a whole. Rather, this Court is merely asked to decide a pretrial matter. And, per the District Court's order, such motion does not require this Court to submit proposed findings of fact, conclusions of law, and a recommendation for disposition to the District Court. Therefore, in accordance with the District Court's order and the

MEMORANDUM OF DECISION - 3

reference therein respecting Defendant's Motion for Jury Trial, this Court issues this Decision, and a related order, resolving the Motion for Jury Trial.[2]

### B. The Motion is Untimely

Civil Rules 38 and 39, incorporated by Rule 9015(a), provide the procedure for jury trials.[3] Civil Rule 38 provides:

> (b) Demand.  On any issue triable of right by a jury, a party may demand a jury trial by:
>
> > (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served . . .
>
> . . .
>
> (d) Waiver; Withdrawal.  A party waives a jury trial unless its demand is properly served and filed.

Here, Defendant asserts that Plaintiff's "Notice of Consent to Final Judgment," Doc. No. 12, is the "last pleading." Doc. No. 16 at 3. Defendant is incorrect.

Civil Rule 7(a), as incorporated by Rule 7007, defines "pleading" as:

(1) a complaint;

(2) an answer to a complaint;

(3) an answer to a counterclaim designated as a counterclaim;

---

[2] To the extent this Court may be deemed by the District Court to lack authority to issue an order on the Motion for Jury Trial, the District Court may consider this Decision as the Court's proposed findings of fact, conclusions of law, and recommendation for disposition. *Williford v. Funderburk (In re Williford)*, 222 Fed. App'x 843, 844 (11th Cir. 2007); *Tibble v. Wells Fargo Bank, N.A. (In re Hudson)*, 455 B.R. 648, 657 (Bankr. W.D. Mich. 2011); *Retired Partners of Coudert Bros. Trust v. Baker & McKenzie LLP (In re Coudert Bros. LLP)*, 2011 WL 5593147, *13 (S.D.N.Y. Sep. 23, 2011).

[3] Even though this adversary proceeding will be heard in the District Court rather than the Bankruptcy Court, the Federal Rules of Bankruptcy Procedure apply.  *See* Civil Rule 81(a)(2); Rule 1001 and advisory committee notes to 1987 amendment.

MEMORANDUM OF DECISION - 4

    (4) an answer to a crossclaim;

    (5) a third-party complaint;

    (6) an answer to a third-party complaint; and

    (7) if the court orders one, a reply to an answer.

*See also McCarthy v. Bronson*, 906 F.2d 835, 840 (9th Cir. 1990); *Webb v. White (In re White)*, 222 B.R. 831, 833 (Bankr. W.D. Tenn. 1998). The notice is not a complaint, answer to a complaint, or any other pleading enumerated in Civil Rule 7(a). The last pleading directed to an issue in this case is Defendant's answer, Doc. No. 9. Defendant filed its answer on June 20, 2019. Pursuant to Civil Rule 38(b)(1), a demand for a jury trial must have been served no later than July 5, 2019.[4] Additionally, during the pretrial conference and as reflected in the Pretrial Order, Doc. No. 14, Defendant acknowledged the pleadings were settled.

Therefore, the Court concludes Defendant's Motion for Jury Trial is untimely as it was not filed until August 20, 2019, and consequently Defendant waived its right to a jury trial.

    **C.    No Relief is Warranted Under Civil Rule 39(b)**

Despite Defendant's waiver of its right to a jury trial, Defendant argues the Court has discretion to order a jury trial. Doc. No. 16 at 3–6. "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court *may*, on motion, order a

---

[4] Fourteen days from June 20, 2019, was July 4, 2019, a federal holiday. Thus, the deadline to demand a jury trial fell on the following day, July 5, 2019. Rule 9006(a)(1)(C).

MEMORANDUM OF DECISION - 5

jury trial on any issue for which a jury might have been demanded." Civil Rule 39(b) (emphasis added).[5]

In the Ninth Circuit, Civil Rule 39(b) is read narrowly:

> The district court, in its discretion, may order a jury trial on a motion by a party who has not filed a timely demand for one. [Civil Rule] 39(b). That discretion is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence.
>
> *Lewis v. Time Inc.,* 710 F.2d 549, 556–57 (9th Cir. 1983); *see also Chandler Supply Co. v. GAF Corp.,* 650 F.2d 983, 987–88 (9th Cir. 1980).
>
> An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown. *See Mardesich v. Marciel,* 538 F.2d 848, 849 (9th Cir. 1976); *see also Russ v. Standard Ins. Co.,* 120 F.3d 988, 989–90 (9th Cir. 1997) (holding that the district court could not employ another rule to circumvent this circuit's prohibition on granting untimely jury demands due to inadvertence); *Kletzelman v. Capistrano Unified Sch. Dist.,* 91 F.3d 68, 71 (9th Cir. 1996) (denying untimely jury demand when due to counsel's oversight and inadvertence); *Wall v. Nat'l R.R. Passenger Corp.,* 718 F.2d 906, 910 (9th Cir. 1983) (holding district court's denial of untimely jury demand not an abuse of discretion where counsel's inadvertence was the only reason shown).

*Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001). Further, "A good faith mistake of law is no different than inadvertence or oversight. Therefore, an untimely jury demand due to legal mistake does not broaden the district court's narrow discretion to grant the demand." *Id.* at 1003.

---

[5] The District Court also advised the parties of the potential for relief under Rule 9006(b), which allows the Court "for cause shown at any time in its discretion . . . *on motion made* after the expiration of the specified period [to] permit the act to be done where the failure to act was the result of excusable neglect." Rule 9006(b)(1) (emphasis added). Here, such relief is unavailable because Defendant has neither moved for relief under Rule 9006(b) nor shown excusable neglect.

MEMORANDUM OF DECISION - 6

Here, Defendant makes four arguments as to why this Court should order a jury trial under Civil Rule 39(b).  *See* Doc. No. 16 at 3–6.  These arguments merely focus on the suitability of the type of claims for decision by jury and an alleged lack of prejudice to the Plaintiff.  Defendant does not provide any explanation that would establish cause beyond mere inadvertence of counsel.  *See generally id*.  Therefore, this Court declines to exercise its discretion under Civil Rule 39(b) and will deny Defendant's request for a jury trial thereunder.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for a Jury Trial will be denied. The Court will enter an appropriate order.

DATED:  December 10, 2019



_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 7